UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 2144 OF LINDSTROM, MN,<br><br>    Defendant. | Civil Action No. 04-4095DSD/SRN<br><br>COMPLAINT<br><br>Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Nick Berchin, Chester Garness, Terry Grams, Eva Hanson, Robert Hanson, Signe Langlie, Ambrose Ramola and other similarly situated individuals ("class members"). The U.S. Equal Employment Opportunity Commission ("Commission") alleges that from June, 1998 through at least June 2000, Independent School District 2144, Chisago School District of Lindstrom, Minnesota ("ISD 2144"), discriminated against the class members by paying an early retirement incentive cash benefit which had been reduced because of age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of

SCANNED
SEP 1 3 2004
U.S. DISTRICT COURT MPLS

1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the ISD 2144 has continuously been a public school district, known as the Chisago District operating in Lindstrom, Minnesota, and has continuously had at least 20 employees.

5. At all relevant times, the ISD 2144 has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. From at least June, 1998 through at least June, 2000, ISD 2144 engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering into collective bargaining agreements which provided retiring employees a cash early retirement incentive consisting of a severance benefit calculated as 5 days pay for each year of service to a maximum of 50 days, plus 50% of pay for unused sick days to a maximum of 50 days, which was reduced because of the employee's age. Since 1998, the following employees who retired from ISD 2144 have had their benefits reduced, specifically:

   a. Nick Berchin, who retired in June 1998, had his benefit reduced by 30% because of his age, 61.

   b. Chester Garness, who retired in June 1999, had his benefit reduced by 30% because of his age, 61.

   c. Terry Grams, who retired in June 2000, had his benefit reduced by 5% because of his age, 56.

   d. Eva Hanson, who retired in June 1999, had her benefit reduced by 20% because of her age, 59.

   e. Robert Hanson, who retired in June 1999, had his benefit reduced by 25% because of his age, 60.

   f. Signe Langlie, who retired in June 1999, had her benefit reduced by 35% because of her age, 62.

   g. Ambrose Ramola, who retired in June 1999, had his benefit reduced by 35%

because of his age, 62.

8.  The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant ISD 2144, its appointees, employees, officers, successors, assigns, divisions, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of age against individuals aged 40 and older.

B.  Grant a permanent injunction enjoining Defendant ISD 2144 from offering any early retirement incentive program which reduces benefits because of age.

C.  Grant a judgment requiring Defendant ISD 2144 to pay class members the amount of the early retirement incentive benefit to which each would have been entitled prior to the reduction based on his or her age, plus an equal sum as liquidated damages.

D.  Grant such further relief as the Court deems necessary and proper in the public interest.

E.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated _____

           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION

           Eric S. Dreiband
           General Counsel

           James L. Lee
           Deputy General Counsel

           Gwendolyn Young Reams
           Associate General Counsel
           1801 L Street NW
           Washington, D.C.  20507

           _____
           Jean P. Kamp
           Regional Attorney

           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           Milwaukee District Office
           310 West Wisconsin Ave., Suite 800
           Milwaukee, WI 53203
           (414) 297-1860